```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

In the Matter of the Complaint of )
EGAN MARINE CORPORATION, Owner,   )
etc.,                             )   No. 05 C 4074
                                  )
            Plaintiff.            )

## MEMORANDUM ORDER

This action has recently been reassigned to this Court's calendar following the departure of its former colleague Judge Mark Filip from this District Court. Shortly before the initial status date of April 2, 2008 that this Court had set after the reassignment, it was presented with three stipulated motions to dismiss claims in this exoneration of liability admiralty action--those of Ozinga Chicago RMC, Maurice Amos and Commonwealth Edison Company ("Settling Claimants"). In accordance with its customary practice in such situations when an agreed-upon motion that appears to present no problems is tendered, this Court granted the motions before the presentment date that had been set by the movants--a practice that spares counsel for the parties a needless trip to the courthouse, with a concomitant saving in lawyers' fees chargeable to their clients.

Unfortunately it was revealed at the April 2 status hearing that the "stipulation" attached to the motion to dismiss each of those claims was not fully informative to this Court (as a figurative "stranger in town"), for another (and apparently the only remaining) claimant--Clark Oil Trading Company ("Clark

Oil")--had a pending (and stale) undisposed-of motion that was totally at odds with part of the relief that plaintiff Egan Marine Corporation ("Egan") had sought in conjunction with such settled claims. That was puzzling indeed, because every two weeks (or sometimes at somewhat shorter intervals) this Court takes pains to obtain a printout of all motions that are computer-listed as "pending" in cases on its calendar. That has a twofold purpose:

    1. It enables this Court to keep on top of all motions of any kind.

    2. It permits the elimination of the annoying situation that occasionally crops up when this Court has actually decided a motion but the Clerk's Office person who has responsibility for the input of judicial orders to the computer system has not done so in a way that deletes the motion from the "pending" list.

But in this instance the March 28 pending motions printout had shown <u>only</u> the three motions to dismiss out the other claimants pursuant to stipulation, with no mention at all of any pending motion by Clark Oil.

This Court has no idea as to the reason for that omission, but that makes no difference. With this Court now having been made aware of the Clark Oil motion in any event, it has requested and received copies of the parties' earlier briefing and is

2

prepared to address the issue.

As indicated earlier, the Clark Oil motion has been ripening on the vine for a good many months--it reached the fully-briefed stage last July. At that time it focused on the question whether Egan's settlement of other claims (the largest was that stemming from the death of a crew member who was on the barge when an explosion occurred, giving rise to this admiralty action) should operate to reduce the $196,000 bond in the case by the amounts distributed to the claimants, leaving just $35,172 for remaining claimants such as Clark Oil. And that question in turn hinges on the different reading that Egan and Clark Oil give to this portion of Rule F(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Admiralty Rule F(8)"):

> Upon determination of liability the fund deposited or secured, or the proceeds of the vessel and pending freight, shall be divided pro rata, subject to all relevant provisions of law, among the several claimants in proportion to the amounts of their respective claims, duly proved, saving, however, to all parties any priority to which they may be legally entitled.

Egan, urging that its earlier payments in settlement were indeed reflective of the respective pro rata shares that the settling parties had in relation to the total claims in the case (including that of Clark Oil), seeks to call to its aid one Court of Appeals opinion (In re Kristie Leigh Enters., Inc., 168 F.3d 206 (5th Cir. 1999)) and a nearly-four-decades old District Court

opinion (In re Bloomfield, 289 F.Supp. 1239, 1249 (S.D. N.Y. 1969)).  But those opinions really do not help Egan, because that argument ignores entirely the fact that the clear meaning of the required determination of liability to claimants and of "the amounts of their respective claims" in Admiralty Rule F(8) denotes a determination <u>by the court</u>, not Egan's ipse dixit assessment of the various claims.[1]  No such court determination has taken place here, and Clark Oil cannot be bound by Egan's self-proclaimed evaluations.

Although that torpedoes Egan's approach to the reduction of the limitation fund, a word should be said as to Clark Oil's counter-approach.  Its reply in opposition to what it calls the dollar-for-dollar reduction of that fund sets out, as an example of the proper way in which the required determination should be made, a hypothetical situation under which Clark Oil's claim would be "in the amount of $160,828, the same amount as the total of the settlements Egan has reached with the other claimants" (R. Mem. at 3).  On that premise Clark Oil says that its "pro-rata share of the limitation fund would be 50% or $98,000 with the settling claimants receiving the other 50% of the fund" (id.).  Not so--Admiralty Rule F(8) calls instead for the division among claimants to be made "in proportion to the amounts of their

---

[1] Indeed, Kristie Leigh Enters., 168 F.3d at 208-09 really cuts against Egan rather than in its favor.

4

respective claims," not by employing the lesser figures at which some claimants are prepared to compromise and settle.

That determination, however, is for the future. For the present Clark Oil's motion is denied to the extent that it might have been read as questioning the reasonableness of Egan's settlements (its Objection Mem. at 2 states "Clark Oil does not challenge the reasonableness of the settlements which are currently under contemplation"). But its motion is granted to the extent that it challenges Egan's proposal to reduce the limitation fund, something that this Court finds premature--the same conclusion that was reached in the brief order entered in Laughlin v. Falcon Operators, Inc., 2001 WL 476059 (E.D. La. May 3). Hence this Court's March 28 minute order granting dismissal of the three Settling Claimants with prejudice, based on payments made by Egan from its own accounts, is reconfirmed--but the manner in which those payments may or may not impact the limitation fund remains for future decision.

Finally, this Court's review of the July 20, 2007 Answer that had been filed by Clark Oil in response to Egan's Complaint has disclosed some problematic aspects of that responsive pleading. Those problems call for correction, but as the ensuing discussion will reflect, such corrections will not require any further filings on Clark Oil's part.

For one thing, Clark Oil's counsel failed to comply with

5

this District Court's LR 10.1, the obvious purpose of which is to enable the reader--whether Egan's counsel, this Court or anyone else--to see, without having to flip back and forth between two separate pleadings, just which allegations are and which are not being placed in issue. But this Court has done the job of comparison, so that Clark Oil's counsel will not be sent back to the drawing board. Only one exception exists: Answer ¶13 is garbled and should read instead:

> Clark Oil is without sufficient knowledge or information to form a belief as to the truth of the allegations appearing in Paragraph 13 of Egan's Complaint, except for those pertaining to Apex Oil Company (Clark Oil Trading Company) which are admitted.

Unless Clark Oil's counsel promptly files an objection to that corrective restatement, it will be treated as having replaced original Answer ¶13.

More significantly, however, Clark Oil's purported affirmative defenses ("ADs") that precede its Answer have not given sufficient heed to the principles of Fed. R. Civ. P. ("Rule") 8(c) and the caselaw dealing with ADs--see App. ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Here are the problems:

   1. AD 1 sets out the equivalent of a Rule 12(b)(6) motion. Both because such motions do not properly fit the Rule 8(c) mold and because any Rule 12(b)(6) motion as such should be addressed up front (rather than being stated in

6

skeletal form and permitted to lie fallow), AD 1 poses procedural difficulties.  But more importantly, it is dead wrong--Egan's Complaint allegations must be accepted as gospel in the Rule 12(b)(6) context, and in those terms Egan clearly states a claim.  AD 1 is therefore stricken.

    2.  ADs 2 and 3 are directly at odds with the concept explained in State Farm--AD 2 because it is directly at odds with Complaint ¶11 and AD 3 because it is directly at odds with Complaint ¶7.  Hence ADs 2 and 3 are also stricken.

Because of this Court's newness to the case, it requires further input from the remaining litigants to set the future course of proceedings (at the April 2 status hearing this Court was told that a long-awaited report on the underlying occurrence had not yet been forthcoming from the United States Coast Guard, but it was unclear just what that meant in terms of further proceedings.  Accordingly a status hearing is set for 9 a.m. April 21, 2008.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date:  April 8, 2008